## UNITED STATES of America, Plaintiff—Appellee,

v.

## Randall Keith ROGERS, Defendant—Appellant.

### No. 09–30110.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.[*]

Filed Oct. 13, 2009.

Aine Ahmed, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Stephen R. Hormel, Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

## MEMORANDUM [**]

Any error in failing to "verify that the defendant and the defendant's attorney

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provid-

have read and discussed the presentence report," Fed.R.Crim.P. 32(i)(1)(A), was harmless. *See United States v. Soltero,* 510 F.3d 858, 862–63 (9th Cir.2007). Rogers disputed only one aspect of the presentence report, namely, its conclusion that Rogers's previous conviction for possession of a sawed-off shotgun qualified as a crime of violence. Rogers suffered no prejudice from this conclusion, however, because the government requested, and the district court granted, a sentence supported by the plea agreement, as reduced three levels for Rogers's substantial assistance.

The government did not breach the plea agreement. The presentence report computed a higher base offense level (24) than the level stipulated to in the plea agreement (20). It is true that at sentencing, the government stated that the PSR (rather than plea agreement) correctly computed the base offense level. However, the government abided by the plea agreement by recommending a sentence consistent with the stipulated base offense level of 20. Moreover, Rogers's counsel did not object to any of this. This is simply not a case in which the prosecution failed to do something it had promised to do. There was no breach of the agreement.

For the first time on appeal, Rogers argued that in light of the Supreme Court's decision in *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994) the presentence report erred in classifying his prior conviction as a crime of violence. Rogers failed to establish that this classification was either plainly erroneous or affected his substantial rights. *United States v. Recio,* 371 F.3d 1093, 1100 (9th Cir.2004) (citing *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

ed by 9th Cir. R. 36–3.

Rogers cites no cases holding that once the Supreme Court interprets a federal criminal statute as requiring the government to prove an additional element, all past convictions for the type of crime described in the statute will no longer qualify as a generic federal crime for purposes of sentencing. Moreover, any error in the presentence report did not affect Rogers's substantial rights, because the district court's sentence calculation could not have been lower than Rogers's actual sentence, even if the presentence report had not classified the prior conviction as a crime of violence.

**AFFIRMED**